FILED

2008 Nov-10  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | | |
|---|---|---|
| MELISSA J. CAMPBELL, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 4:07-cv-817-JHH |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | | |

## MEMORANDUM OF DECISION

Plaintiff Melissa J. Campbell brings this action pursuant to Sections 205(g) and 1631(c) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c), seeking review of the decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act.[1] For the reasons outlined below, the court finds that the decision of the

---

[1] In general, the legal standards are the same regardless of whether a claimant seeks disability insurance benefits (DIB) or supplemental security income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions. See Borden v. Astrue, 494 F. Supp.2d 1278, 1280 n.1 (N.D. Ala. 2007).

Commissioner is due to be remanded.

## I. PROCEEDINGS BELOW

Plaintiff filed her application for disability insurance benefits on January 31, 2004, and later, on September 17, 2004, filed her application for supplemental security income. Plaintiff alleged an amended disability onset date of January 1, 2004. The application was denied initially on February 9, 2005. Plaintiff then timely requested and received a hearing before an Administrative Law Judge. The hearing was held on April 7, 2006 in Anniston, Alabama. Both the plaintiff and vocational expert James Hare testified at the hearing. Plaintiff was represented by counsel at the hearing.

In the June 13, 2006 decision, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act and thus ineligible for disability insurance benefits and supplemental security income. (Tr. 20.) Thereafter, plaintiff requested review of the ALJ decision by the Appeals Counsel. After the Appeals Council denied plaintiff's request for review, that decision became the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.

At the time of the hearing in question, plaintiff was 44 years old. (Tr. 259.) She has a Associates Degrees in both computer science and engineering. (Id.) In

2

the past 15 years, plaintiff previously worked as a computer operator, teacher's aide, window builder, car inspector, and a maid/cleaner. (Tr. 259-77.) She has also worked in the field of data entry and computer repair. (Id.) According to plaintiff, she has been unable to engage in substantial gainful activity since January 1, 2004, primarily due to chronic shoulder and lower back pain. (Tr. 263-64, 268.)

According to Campbell, after a second surgery on her shoulder, she was laid off because she could not work on the computer. (Tr. 259.) She went to school part-time to retrain, and her instructors helped her by testing her verbally and by printing out notes from their computers for her. (Tr. 259-60, 262, 266.)

Campbell testified that she last worked for two months in 2004 as a CADD designer, but was laid off because she could not keep up with the work load and was not quick enough. (Tr. 273-74.) The job required that she use both hands and arms; she also had to sit in one spot much of the time. (Id.) She was unable to do both because of the severe pain in her shoulder, arm and lower back. (Tr. 260-64.)

The numbness and pain in Campbell's right arm and shoulder causes her to drop things unless she uses both hands. (Tr. 55.) She testified that she can lift with her left arm only and that her grip strength is decreased in her right hand. (Tr. 268.) Her husband helps her bathe, wash her hair, lift heavy objects, prepare

meals and shop; she also needs help vacuuming, changing beds and carrying laundry.  (Tr. 81-85.)  She takes breaks throughout the days during any chores. (Tr. 81-85, 273.)  Campbell estimated that she can stand and walk for 20 minutes and sit for 30 minutes at a time.  (Tr. 55.)  She further testified that it hurts to stand, which forces her to lay down much of the day (5 to 6 hours) while on a heating pad.  (Tr. 272.) Campbell rated her pain between a 6 and an 8, but stated that it reached an 8 to 10 at least four or five times a week.  (Tr. 269.)  Epidural shots have not alleviated her back pain.  (Tr, 268.)

Campbell testified that she takes Aleve to help with the pain, but because she does not have insurance she has not been to see a doctor in a while.  (Tr.  270.) She does not have the money to fill her prescriptions and takes medicine when the pain is unbearable.  (Tr. 61.)  Further, she does not have her breathing treatment medications, and, although she has cut back considerably on her use of cigarettes, she continues to get out of breath.  (Tr. 270-72.)  Campbell testified that she is depressed and needs counseling, but was unable to obtain treatment from the county health department.  (Tr. 273.)

## II.  THE DECISION OF THE ALJ

Determination of disability under the Social Security Act requires a five-step analysis.  See 20 C.F.R. § 404.1 et. seq.  First, the Commissioner

4

determines whether the claimant is working.  Second, the Commissioner

determines whether the claimant has an impairment which prevents the

performance of basic work activities.  Third, the Commissioner determines

whether claimant's impairment meets or equals an impairment listed in Appendix 1

of Part 404 of the Regulations.  Fourth, the Commissioner determines whether the

claimant's residual functional capacity can meet the physical and mental demands

of past work.  The claimant's residual functional capacity consists of what the

claimant can do despite his impairment.  Finally, the Commissioner determines

whether the claimant's age, education, and past work experience prevent the

performance of any other work.  In making a final determination, the

Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part

404 of the Regulations when all of the claimant's vocational factors and the

residual functional capacity are the same as the criteria listed in the Appendix.  If

the Commissioner finds that the claimant is disabled or not disabled at any step in

this procedure, the Commissioner will provide no further review of the claim.

     The court recognizes that "the ultimate burden of proving disability is on

the claimant" and that the "claimant must establish a prima facie case by

demonstrating that [s]he can no longer perform h[er] former employment."

Freeman v. Schweiker, 681 F.2d 727, 729 (11th Cir. 1982) (other citations

omitted).  Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment."  Id.

Here, the ALJ determined that Campbell had the following severe impairments: status post two surgeries for rotator cuff repair with chronic pain; chronic low back pain; degenerative disc disease of the lumbar spine; major depressive disorder; and chronic obstructive airway disease.  (Tr. 14.)  However, the ALJ also determined that these severe impairments, whether considered alone or in combination, failed to meet or medically equal the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1.  (Tr. 15.)  According to the ALJ, Campbell's subjective complaints concerning her impairments and their impact on her ability to work were not fully credible due to the degree of inconsistency with the medical evidence established in the record .  (Tr. 15-19.)

Relying on the testimony of the VE, the ALJ found that Campbell could perform "sedentary and light work with occasional use of bilateral arms," which precluded her past relevant work.  (Tr. 19.)  The ALJ further found, however, that, based on the VE's testimony, there are jobs that exist in significant numbers in the national economy that Campbell could perform.  (Tr. 19-20.)  For instance, the ALJ concluded, again based on the testimony of the VE, that an individual with

Campbell's age, education, work experience, and RFC could perform an unskilled, sedentary job such as a security monitor of which there are 500 in Alabama and 110,000 nationally, or an unskilled, light job such as a guard gate of which there are 2,200 in Alabama and 100,000 nationally.  (Tr. 20.)  In making his findings, the ALJ gave little weight to the opinion of examining physician Dr. Alan Blotcky, Ph.D. that Campbell would have: (1) moderately severe limitations in her ability to relate to other people, respond appropriately to supervision, co-workers, and customary work pressures, and perform complex and varied tasks; (2) moderately severe limitations of her daily activities; and (3) moderately severe to severe constriction of interest.  (Tr. 17.)  The ALJ gave "careful consideration" and "some weight but not controlling weight" to the opinions of non-examining state agency medical consultants regarding Campbell's ability to perform basic work activities.  (Tr. 18-19.)  The ALJ found those opinion "essentially consistent with the claimant's medically determinable impairments and . . . the evidence of record."  Thus,  the ALJ concluded that Campbell was not under a disability at any time through the date of the decision.  (Tr. 20.)

### III.  STANDARD OF REVIEW

The only issues before this court are whether the record reveals substantial evidence to sustain the decision of the ALJ, see 42 U.S.C. § 405(g); Dyer v.

Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005), and whether the correct legal

standards were applied.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988);

Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  Sections 405(g) and

1383(c) mandate that the Commissioner's findings are conclusive if supported by

"substantial evidence."  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

The district court may not reconsider the facts, reevaluate the evidence, or

substitute its judgment for that of the Commissioner; instead, it must review the

final decision as a whole and determine if the decision is reasonable and supported

by substantial evidence.  See id. (citing Bloodsworth v. Heckler, 703 F.2d 1233,

1239 (11th Cir. 1983)).

 Substantial evidence falls somewhere between a scintilla and a

preponderance of evidence.  Dyer, 395 F.3d at 1210 (citing Hale v. Bowen, 831

F.2d 1007, 1011 (11th Cir. 1987)).  "It is such relevant evidence as a reasonable

person would accept as adequate to support a conclusion."  Martin, 894 F.2d at

1529 (quoting Bloodsworth, 703 F.2d at 1239) (other citations omitted).  If

supported by substantial evidence, the Commissioner's factual findings must be

affirmed even if the evidence preponderates against the Commissioner's findings.

Phillips v. Barnhart,  357 F.3d 1232, 1240 n.8 (11th Cir. 2004).  While the court

acknowledges that judicial review of the findings of the ALJ is limited in scope,

the court also notes that review "does not yield automatic affirmance.." <u>Lamb</u>, 847 F.2d at 701.

## IV.  ANALYSIS

The plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. Plaintiff argues that, for the following reasons, the ALJ's decision is not supported by substantial evidence and improper legal standards were applied: (1) the ALJ failed to make a function-by-function assessment of Campbell's physical impairments before finding that she could perform light work and failed to properly evaluate her manipulative limitations and depression; (2) the ALJ ignored the objective medical evidence supporting Campbell's subjective complaints of pain, ignored her limited daily activities and attempts to retrain, drew improper adverse inferences from a failure to get treatment, and thus erroneously rejected her subjective complaints of pain; and (3) the ALJ failed to obtain required evidence before relying on the testimony of the vocational expert.  Because the court is persuaded by Campbell's second argument for remand, the court discusses only this argument.

Campbell contends that, when determining her ability to work, the ALJ

9

failed to appropriately evaluate her alleged pain and subjective symptoms in light
of the "pain standard."  (Doc. # 10 at 14-18).  The Act and its related regulations
provide that a plaintiff's statements about pain or other symptoms will not alone
establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.929.  Rather,
medical signs and laboratory findings must be present to show a medical
impairment that could reasonably be expected to produce the symptoms alleged.
Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

When, as here, a plaintiff alleges disability through subjective complaints of
pain or other symptoms, the Eleventh Circuit's "pain standard" for evaluating
these symptoms requires: (1) evidence of an underlying medical condition, and
either (2) objective medical evidence confirming the severity of the alleged pain
arising from that condition, or (3) that the objectively determined medical
condition is of such severity that it can reasonably be expected to cause the alleged
pain.  See 20 C.F.R. § 404.1529; Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir.
1995); Holt, 921 F.2d at 1223; Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir.
1986).  If the ALJ fails to credit a plaintiff's pain testimony, he must articulate
reasons for that decision. 42 U.S.C. § 423(d)(5)(A).

After the application of the three-pronged pain standard, Eleventh Circuit
jurisprudence requires a secondary inquiry, which evaluates the severity, intensity,

10

and persistence of the pain and the symptoms a plaintiff actually possesses. Indeed, there is a difference between meeting the judicially created pain standard and having disabling pain; meeting the pain standard is merely a threshold test to determine whether a plaintiff's subjective testimony should even be considered at all to determine the severity of that pain.  See 20 C.F.R. § 416.929(b) (2006); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) ("The Secretary must consider a claimant's subjective testimony of pain if [the pain standard is met]."). After considering a plaintiff's complaints of pain, an ALJ may then "reject them as not creditable." Marbury, 957 F.2d at 839.  Although a reversal is warranted if the ALJ's decision contains no indication that the three-part pain standard was properly applied, see Holt, 921 F.2d at 1223, the Eleventh Circuit has held that an ALJ's reference to 20 C.F.R. § 404.1529, along with a discussion of the relevant evidence, demonstrates the ALJ properly applied the pain standard.  Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Here, the ALJ articulated the proper pain standard and discussed the medical record of evidence regarding her subjective complaints of pain.  However, the ALJ did not even mention plaintiff's testimony regarding her alleged severe limitations in her daily activities or her testimony regarding her limitations in her previous work or her part-time schooling to retrain in making his determination.

11

In discrediting a plaintiff's allegations the ALJ must communicate "explicit and adequate reasons." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citations omitted). The ALJ failed to specify Campbell's daily activities or explain how those activities are inconsistent with her asserted limitations and the medical evidence. Therefore, it is impossible for the court to determine whether the ALJ's findings regarding her subjective complaints of pain are supported by substantial record evidence.

As such, upon remand the ALJ should reevaluate Campbell's credibility. The court does not necessarily reverse the ALJ's credibility finding at this point, nor accept Campbell's complaints as true, because the ALJ cited the correct pain standard and provided some reasons, supported by the record, for discounting her complaints. Instead, upon remand, the ALJ is directed to better articulate the grounds for his decision since meaningful review at this juncture is difficult. This is especially true in light of the fact that the vocational expert testified that if Cambell's testimony regarding her restrictions is considered credible, her impairments would preclude work.[2] (Tr. 283.)

---

[2] Another factor weighing in favor of remand is the mistake of the vocational expert regarding the positions of gate guard and security monitor. It is undisputed that neither of these positions are unskilled, although the ALJ concluded that Campbell retained the ability to perform "unskilled light" work. This issue regarding the number of jobs available to Campbell should be revisited upon remand.

## VI.  CONCLUSION

In summary, the court concludes that the determination of the ALJ that plaintiff is not disabled is not supported by substantial evidence.  The final decision of the Commissioner, therefore, is due to be remanded for further consideration, consistent with this opinion.

A separate order will be entered.

**DONE** this the ___10th___ day of November, 2008.

_____

SENIOR UNITED STATES DISTRICT JUDGE

13